IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID BORGES,<br><br>       Petitioner,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>       Respondent. | Criminal No. 23-00024 HG-01<br>Criminal No. 23-00050 HG-01<br>Civil No. 25-00533 HG-RT<br>Civil No. 25-00534 HG-RT |

**ORDER DENYING PETITIONER DAVID BORGES'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF NOS. 130, 303)**

**and**

**DENYING A CERTIFICATE OF APPEALABILITY**

On December 22, 2025, Petitioner David Borges filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

Petitioner seeks to vacate his September 9, 2025 convictions in two cases that include various drug trafficking, firearms, and extortion crimes.  Petitioner pled guilty to the crimes. Petitioner now claims that he received ineffective assistance of counsel from his third court-appointed attorney.

Petitioner did not receive ineffective assistance of counsel.

Petitioner's Motion to Vacate, Set Aside, or Correct

1

Sentence pursuant to 28 U.S.C. § 2255 (ECF Nos. 130, 303) is

**DENIED.**

A Certificate of Appealability is **DENIED.**

## BACKGROUND

### CRIMINAL NO. 23-00024 HG-01 (Drug Trafficking Case)

**Summary of Criminal Conduct in 23-cr-00024 HG-01: Drug Trafficking and Use Of Firearms In Connection With Drug Trafficking**

On April 26, 2022, Petitioner Borges was arrested on the island of Kauai after state and federal investigators observed Petitioner transporting illegal narcotics in his vehicle. (Presentence Report at ¶ 24, ECF No. 125).  Investigators conducted a search of Petitioner's vehicle pursuant to a search warrant and recovered a firearm, ammunition, methamphetamine, and drug paraphernalia.  (Id. at ¶ 26).  Petitioner admitted that he placed the methamphetamine and firearm in his vehicle.  (Id.) Petitioner admitted that he carried the firearm to protect himself and his assets during his drug trafficking activities. (Id.)

Petitioner was detained at the Kauai Community Correctional Center.  (Id. at ¶ 28).

While detained on July 16, 2022, Petitioner called his mother, Denise Kalani, and informed her that he had arranged for illegal drugs to be shipped to her residence.  (Id.)  She agreed

2

to transport the illegal narcotics for Petitioner.  (Id.)

The following day, on July 17, 2022, Kalani delivered the narcotics to a third party as directed by Petitioner.  (Id. at ¶ 29).

On July 26, 2022, while still detained, Petitioner called Kalani again.  (Id. at ¶ 30).  During the call, Kalani informed Petitioner that she had communicated with Petitioner's source of supply about payment for the narcotics and additional distributions.  (Id. at ¶ 30).

On August 5, 2022, the third party received methamphetamine and fentanyl from Petitioner's source of supply in accordance with both Petitioner and Kalani's direction.  (Id. at ¶ 31).

On January 26, 2023, after he had been released from custody, Petitioner Borges distributed cocaine and fentanyl to three people.  (Id. at ¶¶ 32, 38).  One of the individuals, identified as T.K., died the following day after having ingested the narcotics provided by Petitioner Borges.  (Id. at ¶ 32).

On February 15, 2023, investigators executed a search warrant at Kalani's residence and recovered narcotics, a firearm, and ammunition.  (Id. at ¶ 40).

On February 28, 2023, Kalani was arrested.  (Id. at ¶ 42).  Also on February 28, 2023, Petitioner Borges was arrested and was transferred to federal custody.  (Id. at ¶ 41).

**Indictment And Kalani's Guilty Plea in 23-cr-00024 HG-01**

On March 2, 2023, a grand jury returned a 6-count Indictment against Petitioner David Borges and his mother, co-defendant Denise Kalani.  (ECF No. 12).

On September 20, 2023, Petitioner's mother, co-defendant Denise Kalani, pled guilty to Count 1 of the Indictment for Conspiracy to Possess With Intent to Distribute Methamphetamine and Fentanyl.  (ECF No. 52).

**Superseding Indictment in 23-cr-00024 HG-01**

On January 25, 2024, a grand jury returned a 7-count Superseding Indictment as to Petitioner Borges only.  (ECF No. 61).

The Superseding Indictment charged Petitioner as follows:

**Count 1:**     Conspiracy to Distribute Methamphetamine and Fentanyl in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(vi);

**Count 2:**     Attempted Possession of Methamphetamine With Intent to Distribute in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii);

**Count 3:**     Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A);

**Counts 4-6:**  Use of Communication Facility to Facilitate a Felony Drug Trafficking Crime in violation of 21 U.S.C. § 843(b);

**Count 7:**     Distribution of Fentanyl and Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and

4

841(b)(1)(C).

(Superseding Indictment, ECF No. 61).

### Petitioner's Guilty Plea in 23-cr-00024 HG-01

On October 24, 2024, Petitioner pled guilty to Counts 1, 3, and 7 of the Superseding Indictment.  (ECF No. 84).  Petitioner pled guilty pursuant to a Memorandum of Plea Agreement.  (ECF No. 85).

In the Memorandum of Plea Agreement, Petitioner agreed that as to Count 1, he conspired with Kalani to possess and distribute at least 1,100 grams of actual methamphetamine and a mixture that contained fentanyl.  (MOPA at ¶ 8(a)(ii),(v), ¶8(c), ECF No. 85).

Petitioner agreed to waive his right to appeal except for the ability to challenge a sentence above the sentencing guidelines.  (Id. at ¶ 13).  He was not sentenced above the sentencing guidelines.  Petitioner also waived his ability to file a collateral attack on his convictions except for a claim of ineffective assistance of counsel.  (Id.)

### Presentence Report in 23-cr-00024 HG-01

In the Presentence Report, Petitioner was held responsible for a total converted drug weight of 22,125 kilograms with respect to the drug trafficking charges in Counts 1 and 7. (Presentence Report at ¶ 72, ECF No. 125).  The converted drug

5

weight was calculated based on the 1,100 grams of actual methamphetamine and 50.2 grams of fentanyl Petitioner distributed.  (Id.)  The amount of drugs resulted in a base offense level of 34 for Counts 1 and 7.  (Id. at ¶ 73).

Petitioner received a 2-level enhancement for being an organizer, leader, manager, or supervisor of criminal activity, which resulted in an adjusted offense level of 36 for Counts 1 and 7.  (Id. at ¶ 76).

Combined with the charges in the companion case 23-cr-50 HG-01, Petitioner had an adjusted offense level of 38 for Counts 1 and 7.  (Id. at ¶¶ 87-90).

Petitioner received a 2-level reduction for acceptance of responsibility and a 1-level reduction for a timely plea for a total offense level of 35.  (Id. at ¶ 94).

Petitioner was in criminal history category VI based on a total criminal history score of 21.  (Id. at ¶¶ 99-116).

Petitioner's guideline imprisonment range for Count 1 was 292 to 365 months.  (Id. at ¶ 174).

Petitioner's guideline imprisonment range for Count 7 was 240 months.  (Id.)

Petitioner's guideline imprisonment range for Count 3 was a mandatory consecutive term of 60 months.  (Id.)

**Sentencing in 23-cr-00024 HG-01**

On September 4, 2025, the Court held the sentencing hearing in both cases.  (ECF No. 127).  In 23-cv-00024 HG-01, Defendant was sentenced to:

**292 months** imprisonment as to Count 1;

**240 months** imprisonment as to Count 7; and

**+60 months** as to Count 3, consecutively to Counts 1 and 7;

for a total of **352 months imprisonment**, to be served concurrently with his sentence in 23-cr-00050 HG-01.  (Judgment, ECF No. 128). Counts 2, 4, 5, and 6 as to Petitioner were dismissed.  (ECF No. 127).

**CRIMINAL NO. 23-00050 HG-01 (Kidnapping and Violent Crimes Case)**

**Summary of Criminal Conduct in 23-cr-00050 HG-01**: **Extortion, Kidnapping, Carjacking, And Use Of A Firearm During A Crime Of Violence**

**Victim 1:**

On December 26, 2021, Petitioner Borges and Albert Bactad, as members of the USO gang ("United Samoan Organization"), lured R.D. to a convenience store parking lot under false pretenses to collect a drug debt.  (Presentence Report at ¶ 45, ECF No. 287). Petitioner Borges displayed a firearm and threatened to shoot R.D. if he did not give up his vehicle in satisfaction of the debt.  (Id.)  Petitioner struck R.D. with the firearm.  (Id.)

R.D. later reported that he believed he was going to be shot by Petitioner.  (Id.)

R.D. was ordered to ride in Bactad's truck and he was taken by Bactad to several locations.  (Id.)  Petitioner Borges drove R.D.'s truck and followed behind Bactad and R.D.  (Id.)  R.D. was finally taken to his residence where he signed over the title to his vehicle under duress.  (Id.)  Petitioner and Bactad also stole a firearm, narcotics, and cash from R.D.  (Id.)

**Victim 2:**

The next day, on December 27, 2021, Petitioner Borges and Bactad went to the residence of another person, J.C., as members of the USO gang in order to collect a debt allegedly owed by J.C. (Id. at ¶ 46).  Petitioner and Bactad held J.C. against his will in a garage until J.C. paid them $2,500.  (Id.)

Petitioner Borges possessed and displayed a firearm to J.C. while holding him in the garage.  (Id.)  Both Petitioner Borges and Bactad repeatedly struck J.C. in his face and head causing J.C. facial fractures and severe injuries requiring surgery. (Id.)

**<u>Indictments And Guilty Plea in 23-cr-00050 HG-01</u>**

On June 29, 2023, a grand jury returned a 3-count Indictment against Petitioner Borges and co-defendant Albert Bactad.  (ECF

8

No. 1).

On August 24, 2023, a grand jury returned a 4-count First Superseding Indictment against Petitioner and co-Defendant Albert Bactad.  (ECF No. 47).

On September 7, 2023, a grand jury returned a 7-count Second Superseding Indictment, which added new defendants and charges against Bactad and the new defendants.

The Second Superseding Indictment charged Petitioner, as follows:

| | | |
|---|---|---|
| **Count 1:** | Collection of Extensions of Credit by Extortionate Means in violation of 18 U.S.C. § 894; | |
| **Count 2:** | Carjacking in violation of 18 U.S.C. § 2119(1); | |
| **Count 3:** | Carrying and Brandishing a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A); | |
| **Count 4:** | Kidnapping in violation of 18 U.S.C. § 1201(a)(1). | |

(Second Superseding Indictment, ECF No. 68).

On October 24, 2024, Petitioner pled guilty to Count 1 of the Second Superseding Indictment.  (ECF No. 227).

## **Presentence Report in 23-cr-00050 HG-01**

Petitioner's base offense level for Count 1 for extortion was 20.  (Presentence Report at ¶ 79, ECF No. 287).  The base offense was increased by 4 levels for use of a firearm; increased

9

by 4 additional levels for causing serious bodily injury; and increased by 4 more levels for abducting R.D.  (Id. at ¶¶ 80-82). The adjusted offense level was 32.  (Id. at ¶ 86).

Combined with the charges in the companion case 23-cr-24 HG-01, Petitioner had an adjusted offense level of 38 for extortion in Count 1.  (Id. at ¶¶ 87-90).

Petitioner received a 2-level reduction for acceptance of responsibility and a 1-level reduction for a timely plea for a total offense level of 35.  (Id. at ¶ 94).

Petitioner was in criminal history category VI based on a total criminal history score of 21.  (Id. at ¶¶ 99-116).

Petitioner's guideline imprisonment range for Count 1 was 240 months imprisonment.  (Id. at 174).

### Sentencing in 23-cr-00050 HG-01

On September 4, 2025, the Court held the sentencing hearing in both cases.  (ECF No. 288).

In 23-cr-00050 HG-01, Defendant was sentenced to 240 months imprisonment as to Count 1 to be served concurrently with his sentence in 23-cr-00024 HG-01.  (Judgment, ECF No. 292).

Counts 2, 3, and 4 as to Petitioner were dismissed.  (ECF No. 288).

10

**SUMMARY OF PETITIONER'S ATTORNEY REPRESENTATION BEFORE THIS COURT:**

### Petitioner's First Two Attorneys

On March 10, 2023, Attorney Mark Zenger was initially appointed as counsel for Petitioner Borges.  (ECF No. 26).[1]

On June 14, 2023, Attorney Zenger filed a Motion to Withdraw as Petitioner's counsel.  (ECF No. 32).

On July 5, 2023, the Magistrate Judge granted the Motion to Withdraw and appointed Attorney Jason Say to represent Petitioner.  (ECF Nos. 36, 39).

Between August 16, 2023 and February 15, 2024, Attorney Say filed three separate Motions to Withdraw as Counsel, and the final Motion was granted.  (ECF No. 70).

On June 10, 2024, Attorney Harlan Kimura was appointed as Petitioner's third attorney.  (ECF No. 76).

### Attorney Kimura's Motion To Withdraw As Counsel And Request To Continue Sentencing

After five months of representation of Petitioner, on November 12, 2024, Attorney Kimura filed a Motion to Withdraw as Attorney.  (ECF No. 88).

On November 14, 2024, the Court held a hearing on the Motion and after discussion of the request with Petitioner, the request

---

[1]The Court cites to the Docket in 23-cr-00024 HG-01 for the remainder of the Order for simplicity.

11

was withdrawn.  (ECF Nos. 90-92).

On February 20, 2025, the Probation Officer filed the Draft Presentence Report.  (ECF No. 99).

On March 3, 2025, Attorney Kimura filed a Sentencing Statement on Petitioner's behalf and filed objections to the Presentence Report.  (ECF No. 103).

On March 5, 2025, Petitioner filed a Motion to Continue Sentencing.  (ECF No. 105).

On March 8, 2025, Petitioner filed his Memorandum in Support to his request to continue sentencing.  (ECF No. 110).

On March 11, 2025, the Court held a second hearing and granted Petitioner's Motion to Continue Sentencing.  (ECF No. 111).

**Attorney Kimura's Representation Of Petitioner At Sentencing**

On April 15, 2025, the Probation Officer filed the Final Presentence Report.  (ECF No. 119).

On May 27, 2025, Petitioner filed his Sentencing Memorandum. (ECF No. 120).

On May 29, 2025, Petitioner filed his First Supplement to his Sentencing Memorandum.  (ECF No. 121).

On June 1, 2025, Petitioner filed his Second Supplement to his Sentencing Memorandum.  (ECF No. 122).

On June 2, 2025, the Court held the sentencing hearing.

(ECF No. 123).   The Court overruled Attorney Kimura's objection to the enhancement for abduction of R.D. and adopted the finding in the Presentence Report.  (Id.)   The Court sustained Attorney Kimura's objection to paragraphs 19-23 in the Presentence Report and those paragraphs, with the exception of the last sentence of paragraph 23, were removed from the Final Presentence Report. (Id.)   The Court continued the hearing to allow the Probation Officer time to revise the Presentence Report based on the Court's ruling.  (Id.)

On August 18, 2025, the Probation Officer filed the Final Amended Presentence Report.   (ECF No. 125).

On August 28, 2025, Petitioner filed a First Amended Sentencing Memorandum.   (ECF No. 126).   Petitioner's Memorandum requested a variance from the sentencing guidelines.   (Id.)

On September 4, 2025, the Court held the sentencing hearing. (ECF No. 127).   The Court adopted the Presentence Report and accepted Petitioner's plea agreement.  (Id.)   The Court denied Petitioner's request for a variance.  (Id.)

On September 9, 2025, Judgment was entered.   (ECF No. 128).

Petitioner did not file a Notice of Appeal.

## SECTION 2255 PETITION

On December 22, 2025, Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.

(ECF No. 130).    Petitioner claims he received ineffective assistance of counsel at sentencing from Attorney Kimura.

On January 6, 2026, the Court issued a briefing schedule. (ECF No. 132).

On January 13, 2026, the Government filed a Motion for Order Finding Waiver of Attorney-Client Privilege with Respect to Petitioner's 2255 Motion.    (ECF No. 133).

On January 14, 2026, the Court issued an ORDER FINDING LIMITED WAIVER OF ATTORNEY-CLIENT PRIVILEGE WITH RESPECT TO PETITIONER'S INSTANT MOTION.    (ECF No. 134).

On January 15, 2026, Petitioner filed a Motion for Appointment of Counsel for his Section 2255 Petition.    (ECF No. 135).

On January 20, 2026, the Court denied Petitioner's Motion for Appointment of Counsel.    (ECF No. 137).

On January 28, 2026, Petitioner filed a Second Motion for Appointment of Counsel for his 2255 Petition.    (ECF No. 138).

On February 10, 2026, the Government filed its Opposition to Petitioner's Section 2255 Motion.    (ECF No. 140).

On February 27, 2026, the Court denied Petitioner's Second Motion for Appointment of Counsel.    (ECF No. 141).

On March 4, 2026, Petitioner filed his Reply.    (ECF No. 142).

The Court elects to decide the matter without a hearing

14

pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255, provides federal prisoners with a right of action to challenge a sentence if:

> (1)  the sentence was imposed in violation of the Constitution or laws of the United States;
>
> (2)  the court was without jurisdiction to impose such a sentence;
>
> (3)  the sentence was in excess of the maximum authorized by law; or
>
> (4)  the sentence is otherwise subject to collateral attack.
>
> 28 U.S.C. § 2255(a).

A prisoner may file one motion to vacate, set aside, or correct a sentence.  28 U.S.C. § 2255.  The scope of collateral attack of a sentence is limited and does not encompass all claimed errors in conviction and sentencing.

A district court must hold an evidentiary hearing to assess the worthiness of a Section 2255 Motion unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.  28 U.S.C. § 2255(b).

## ANALYSIS

As an initial matter, the Court construes Petitioner's

15

Section 2255 Motion liberally because Petitioner Borges is proceeding pro se.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## I.    Petitioner Alleges Ineffective Assistance By The Last Of His Three Court-Appointed Attorneys

Petitioner Borges's Section 2255 Motion is premised on alleged ineffective assistance of counsel.

Petitioner had three court-appointed attorneys throughout his proceedings in both 23-cr-00024 HG-01 and 23-cr-00050 HG-01. Petitioner does not challenge his representation by Attorney Mark Zenger or his representation by Attorney Jason Say.  Petitioner's ineffective assistance of counsel allegations are limited to claims against Attorney Harlan Kimura.

Attorney Kimura was Petitioner's third court-appointed attorney.  Attorney Kimura represented Petitioner in both 23-cr-00024 HG-01 and 23-cr-00050 HG-01 beginning on June 10, 2024. Attorney Kimura negotiated a plea agreement on Petitioner's behalf which was executed on October 24, 2024.  Attorney Kimura represented Petitioner through sentencing on September 4, 2025. Petitioner declined to appeal his convictions.

A prisoner who alleges ineffective assistance of counsel in a Section 2255 Motion must satisfy the two-part test of ineffective assistance set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984).

16

First, the petitioner must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution.  Id.

Second, the petitioner must show that the counsel's deficient performance was prejudicial.  This requires showing that counsel's errors were so serious as to deprive the prisoner of a fair trial or fair representation.  Id.  The petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 694.

## II.  Petitioner's Allegations Against Attorney Kimura

Petitioner Borges's claims against his third court-appointed counsel, Attorney Harlan Kimura, are limited to the proceedings in 23-cr-00024 HG-01.  Petitioner does not allege any ineffective assistance of counsel with respect to his convictions or sentence in 23-cr-00050 HG-01.

Petitioner claims that Attorney Kimura was ineffective with respect to proceedings in 23-cr-00024 HG-01 on three bases:

   (1)  Illegal Sentence
        Petitioner alleges that Attorney Kimura failed to
        object to his "illegal sentencing" imposed as to Count
        7 in 23-cr-00024 HG-01;

17

 (2) <u>Argument For Methamphetamine Guideline Disparity</u>
   Petitioner alleges that Attorney Kimura "failed to raise arguments for downward variance based on the policy disagreement on the meth sentencing guidelines as requested by defendant" with respect to sentencing as to Counts 1 and 7 in 23-cr-00024 HG-01;

 (3) <u>Separatee Order Issue</u>
   Petitioner alleges Attorney Kimura "put defendant in a position of choosing between filing on direct appeal or lifting" the separatee order between Petitioner and his co-defendant mother Denise Kalani.

There is no support in the record for any of Petitioner's claims.  The record conclusively demonstrates that Petitioner did not receive ineffective assistance of counsel.

## III. <u>Petitioner Did Not Receive Ineffective Assistance Of Counsel From Attorney Kimura</u>

### A. Petitioner's Section 2255 Motion Is Limited To Ineffective Assistance Of Counsel Claims In 23-cr-00024 HG-01

As explained above, Petitioner had two separate federal cases that were on-going at the same time for completely separate criminal activities:

 **(1) Drug Trafficking Case: <u>23-cr-00024 HG-01</u>,** which involved a drug trafficking conspiracy with his mother and firearms offenses; and

 **(2) Extortion and Violence Case: <u>23-cr-00050 HG-01</u>,** which involved extortion and violence conducted as a member of the USO gang.

Petitioner's Section 2255 Motion includes both case numbers, but the substance of his Motion does not contain any challenge to his proceedings in 23-cr-00050 HG-01.

Petitioner's 2255 Motion is limited to allegations of

18

ineffective assistance of counsel by Attorney Harlan Kimura in the drug trafficking proceedings in 23-cr-00024 HG-01.

Petitioner pled guilty to the drug trafficking case in 23-cr-00024 HG-01.  Petitioner pled guilty to Counts 1, 3, and 7, as charged in the Superseding Indictment, as follows:

**Count 1:**      Conspiracy to Distribute Methamphetamine and Fentanyl in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(vi);

**Count 3:**      Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A);

**Count 7:**      Distribution of Fentanyl and Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

(Superseding Indictment, ECF No. 61).

Petitioner pled guilty pursuant to a Memorandum of Plea Agreement.  (MOPA, ECF No. 85).  Petitioner's Memorandum of Plea Agreement limited his ability to lodge a collateral attack of his sentence in a Section 2255 Petition.  Plaintiff may only raise claims of ineffective assistance of counsel.  (Id. at ¶ 13).

### B.    Petitioner Claims He Received Ineffective Assistance Of Counsel in 23-cr-00024 HG-01 With Respect To Counts 1 and 7

Petitioner claims he received ineffective assistance of counsel from Attorney Harlan Kimura with respect to his drug trafficking convictions in Counts 1 and 7 of the proceedings in 23-cr-00024 HG-01.  Petitioner Borges does not claim he received

19

ineffective assistance of counsel with respect to the firearms charge in Count 3.  The inquiry here is limited to the challenges raised as to Counts 1 and 7 in 23-cr-00024 HG-01.

Petitioner Borges must show that Attorney Kimura was both deficient and prejudicial in providing assistance to Petitioner in the proceedings.  Strickland, 466 U.S. at 687.

To establish deficient performance, Petitioner Borges must show that Attorney Kimura's representation fell below an objective standard of reasonableness.  Id. at 688.  Petitioner must also show that Attorney Kimura's alleged deficient performance prejudiced him.  Id.

Petitioner's claims primarily concern Attorney Kimura's performance at Petitioner's September 4, 2025 sentencing hearing. During the sentencing hearing, the Court conducted a colloquy with Petitioner, as follows:

THE COURT:     So, you have read the Presentence
               Report, Mr. Borges?

PETITIONER:    Yes.

THE COURT:     Have you talked about it with Mr.
               Kimura?

PETITIONER:    Yes.

THE COURT:     Has he answered any question you have
               about it?

PETITIONER:    Yes.

THE COURT:     Okay.  So you are prepared to go
               forward with respect to the sentencing
               this morning?

PETITIONER:    Yes.

(Transcript of September 4, 2025 Sentencing at pp. 4, attached as Ex. 1 to Gov't Opp., ECF No. 140-1).

Despite the Court's inquiry, Petitioner now claims he received ineffective assistance of counsel by Attorney Kimura.

**Grounds One and Three As Stated In Petitioner's Section 2255 Motion**: **Alleged Ineffective Assistance of Counsel as to Sentencing for Count 7 in 23-cr-00024 HG-01**

Petitioner was charged in Count 7 of the Superseding Indictment in 23-cr-00024 HG-01 with Distribution Of Fentanyl and Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Superseding Indictment, ECF No. 61).

Petitioner pled guilty to the charge pursuant to a Memorandum of Plea Agreement.  (MOPA, ECF No. 85).  In the MOPA, Petitioner agreed that on the evening of January 26, 2023, on the island of Kauai, he knowingly and intentionally distributed substances he knew to be controlled to Persons 4, 5, and 6, each of whom snorted the substances in the defendant's presence.  (Id. at ¶ 8(c), ECF No. 85).

During the change of plea proceedings, Petitioner admitted that he provided cocaine to others on January 26, 2023, as charged in Count 7.  (Transcript of Change of Plea Proceedings at pp. 37-38, ECF No. 93).  Petitioner claimed he did not know there was fentanyl mixed in the cocaine, but he admitted that he knew

21

he gave others a controlled substance to snort and that the laboratory tests confirmed the substance he provided contained both cocaine and fentanyl.  (Id. at pp. 38-39).

### 1.    Calculation of Petitioner's Sentencing Guidelines as to Count 7

The Presentence Report calculated the sentencing guidelines in 23-cr-00024 HG-01 with respect to the drug trafficking crimes in Counts 1 and 7 as a group.  Grouping the drug trafficking counts together in order to calculate the base offense level sentencing guideline is required by U.S.S.G. § 3D1.2(d).

Section 3D1.2 of the United States Sentencing Guidelines requires that all counts involving "substantially the same harm" be grouped together in a single group for calculation of the base offense level.  U.S.S.G. § 3D1.2.  Multiple drug trafficking offenses are grouped together and the quantity of drugs overall are combined in order to determine the base offense level. U.S.S.G. § 3D1.2(d).

Here, the Presentence Report clearly explained that "[t]he drug offenses charged in Counts 1 and 7 under CR 23-24 are grouped together, pursuant to USSG §3D1.2(d), because the offense level is determined largely on the basis of the total quantity of drugs."  (Presentence Report at ¶ 66, ECF No. 125).

Petitioner was properly found responsible for 1,100 grams of actual methamphetamine and 50.2 grams of fentanyl as provided in

his Memorandum of Plea Agreement and change of plea hearing.
(Id. at ¶ 72).  The Presentence Report converted the drugs to
calculate a combined drug weight of 22,125 kilograms.  (Id.)  The
overall quantity of drugs resulted in a base offense level of 34
for both Counts 1 and 7.  (Id. at ¶ 73)  After adjustments,
Petitioner's total offense level was properly calculated at 35
for both Counts 1 and 7.  (Id. at ¶ 94).

Petitioner's criminal history category of VI resulted in a
sentencing guideline range for Count 7 of 292 to 365 months
imprisonment.  Count 7's range was lowered to 240 months
imprisonment because the statutory maximum for Count 7 was 20
years imprisonment.  (Id. at ¶ 174).

The Court sentenced Petitioner to 240 months imprisonment as
to Count 7.

### 2.   Petitioner Did Not Receive Ineffective Assistance of Counsel Regarding His Sentence as to Count 7

Petitioner claims that his 240-month sentence as to Count 7
was "illegal."  Petitioner argues that Attorney Kimura failed to
object to the illegal sentence and the Presentence Report's
calculation of 240-months as the guideline range for Count 7.

Petitioner believes the guideline range should have been 30-
37 months rather than 240-months as provided by the Presentence
Report.

Petitioner fundamentally misunderstands the calculation of

his sentencing guidelines for Count 7.  As explained above, Petitioner's sentencing guidelines were properly calculated based on the total overall drug quantity of the drug trafficking offenses in both Counts 1 and 7.  See U.S.S.G. § 3D1.2(d).

Attorney Kimura was not deficient in failing to object to the sentencing guidelines for Count 7 because the calculation was correct.  Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir. 1996) (explaining that counsel's failure to make a futile objection can never result in a deficient performance for purposes of an ineffective assistance of counsel claim).

Counts 1 and 7 were required to be grouped for purposes of the calculation as provided in Section 3D1.2 of the United States Sentencing Guidelines.  Petitioner's sentence as to Count 7 is not "illegal" as argued by Petitioner.  Attorney Kimura was not deficient for failing to object to the correct sentencing calculations as to Count 7.  Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982) (explaining that the failure to raise a meritless legal argument does not constitute ineffective assistance of counsel).

Petitioner also cannot establish any prejudice based on Attorney Kimura's alleged failure to object where the calculation of the guidelines was correct.  Knowles v. Mirzayance, 556 U.S. 111, 124 (2009) (explaining that Strickland requires a defendant to establish both deficient performance and prejudice).

24

**Ground Two**: **Alleged Ineffective Assistance of Counsel for Failing to Request a Variance Based on Petitioner's Policy Disagreement**

Attorney Kimura filed several objections to the Draft Presentence Report.  At sentencing, the Court overruled Attorney Kimura's objection to the enhancement in 23-cr-00050 HG-01 for Petitioner's abduction of R.D. during the extortion crime.

The Court sustained Attorney Kimura's objection to the inclusion of paragraphs 19-23 in the Draft Presentence Report and those paragraphs, with the exception of the last sentence of paragraph 23, were removed from the Final Presentence Report.

Attorney Kimura also filed a Motion for Variance, requesting a downward variance based on Petitioner's personal history. (Motion for Variance, ECF No. 126).  The Court denied the request for a downward variance.  (Minutes from Sept. 4, 2025, denying Motion for Variance, ECF No. 127).

Petitioner argues that Attorney Kimura provided him with ineffective assistance of counsel at sentencing with respect to 23-cr-00024 HG-01.  Petitioner claims Attorney Kimura failed to request a downward variance based on Petitioner's disagreement with the methamphetamine sentencing guidelines and the purity of the drugs.

Attorney Kimura explains that he made a strategic decision and declined to make the request.  In his Affidavit, Attorney Kimura explained that he "raised several substantive objections"

25

to the Draft Presentence Report, which he believed would most likely impact the calculation of Petitioner's sentencing guidelines.  (Affidavit of Attorney Harlan Kimura at ¶ 8, attached as Ex. 2 to Gov't Opp., ECF No. 140-2).  Attorney Kimura explained that he declined to argue for a downward variance based on the purity of methamphetamine guidelines based on his "professional judgment of focusing at sentencing on the grounds which [he] believed provided Borges with the best opportunity for a downward variance from the applicable guideline range."  (Id.)

Attorney Kimura was not deficient for failing to make the policy argument as requested by Petitioner.  It is well-established that tactical decisions with which the defendant disagrees cannot be the basis for an ineffective assistance of counsel claim.  Morris v. California, 966 F.2d 448, 456 (9th Cir. 1991).  Attorney Kimura's representation did not fall below an objective level of reasonableness for declining to make a futile policy argument.  James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994).

Petitioner cannot show any prejudice from Attorney Kimura's failure to make the policy argument.  The District Court was under no obligation to vary from the guidelines based on the policy argument.  United States v. Carper, 659 F.3d 923, 925 (9th Cir. 2011).  This Court has specifically rejected the exact policy argument that Petitioner requested Attorney Kimura to put forward.  The Ninth Circuit Court of Appeals has affirmed this

Court's decision to reject the policy argument based on the methamphetamine purity guidelines and found that no such variance is necessary.  See United States v. Kinoshita, 2025 WL 2848600, *1 (9th Cir. Oct. 8, 2025).  Even if the policy argument was made, the Court would have rejected it and denied a variance on such a basis.

### Ground Four: Alleged Ineffective Assistance of Counsel Regarding Petitioner's Decision Not to File an Appeal

Petitioner claims that he received ineffective assistance of counsel with respect to his right to appeal his convictions and sentence.

Petitioner alleges that sometime prior to his sentencing on September 4, 2025, the Department of Justice had put in place a separatee order that prevented communication between Petitioner and his mother Denise Kalani, his co-defendant in 23-cr-00024 HG-01.  Both were incarcerated and in Bureau of Prisons custody during the proceedings.

Petitioner's Section 2255 Motion appears to claim that Attorney Kimura informed Petitioner that the separatee order could not be lifted until his proceedings in 23-cr-00024 HG-01 were concluded.  Petitioner was under the impression that the separatee order might have remained in place had he filed a notice of appeal.  Petitioner claims that somehow Attorney Kimura put him in a position to choose between filing a direct appeal or

27

communicating with his mother.

Attorney Kimura disputes Petitioner's allegations and instead asserts, "I did not present to [Petitioner] that choice, nor did he state to me his decision not to take a direct appeal was conditioned upon the Government listing the aforesaid separatee order."  (Affidavit of Harlan Kimura at ¶ 10, ECF No. 140-2).

There is no evidence that Attorney Kimura was deficient with respect to Petitioner's appellate rights.  Attorney Kimura informed Petitioner of his appellate rights, the general procedure, and the time limits to appeal.  (Affidavit of Harlan Kimura at ¶ 11, ECF No. 140-2).  The Court also explained Petitioner's appellate rights to him at his sentencing hearing. (Id.; see Sentencing Minutes, ECF No. 127).

Petitioner does not claim that he instructed Attorney Kimura to file a notice of appeal.  Petitioner does not claim he was unaware of his appellate rights.  Petitioner's decision not to file a notice of appeal is not due to any alleged ineffective assistance of counsel.

There is no reason to believe that a rational defendant in Petitioner Borges's case would have wanted to appeal given that his sentence was below the calculated sentencing guidelines range and given that there was a waiver of his appellate rights contained in his Memorandum of Plea Agreement that precluded the

28

ability to appeal.  (MOPA at ¶ 13, ECF No. 85).

Petitioner's appellate rights were limited and he could only appeal a sentence if it was greater than the sentencing guidelines.  (Id. at ¶ 13(b)).  Here, the Court did not sentence Petitioner above the calculated guideline range and his ability to appeal was generally precluded by his plea agreement.

Petitioner has failed to demonstrate that he received ineffective assistance of counsel from Attorney Kimura with respect to his appellate rights.  See Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000).

The record conclusively shows that Attorney Kimura's representation did not fall below an objective standard of reasonableness in defending Petitioner Borges.  Petitioner has also failed to demonstrate that he was prejudiced by Attorney Kimura's performance.  Strickland, 466 U.S. at 697.  Petitioner is not entitled to an evidentiary hearing.

Petitioner's Section 2255 Motion (ECF Nos. 130 and 303) is **DENIED**.

## IV.  Petitioner Is Not Entitled To A Certificate Of Appealability

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a Certificate of Appealability may be issued in a habeas corpus proceeding "only if the applicant has made a substantial showing of the denial of a constitutional

right."  28 U.S.C. § 2253(c)(2).

A "substantial" showing requires a prisoner to show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Petitioner's Section 2255 Motion has not made a substantial showing that Petitioner was deprived of a constitutional right. Petitioner's arguments are not supported by the record and applicable law.  Reasonable jurists would not debate the Court's conclusion, and there is no reason to encourage further proceedings.

A Certificate of Appealability is **DENIED.**

## CONCLUSION

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF Nos. 130 and 303) is **DENIED.**

A Certificate of Appealability is **DENIED.**

//
//
//
//
//

30

The Clerk of Court is **ORDERED** to enter **Judgment** in favor of Respondent United States of America and **CLOSE THE CIVIL CASES** Civ. No. 25-00533 HG-RT and Civ. No. 25-00534 HG-RT.

IT IS SO ORDERED.

DATED: April 30, 2026, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

David Borges v. United States of America; Cr. No. 23-00024 HG-01; Cr. No. 23-00050 HG-01; Cv. No. 25-00533 HG-RT; Cv. No. 25-00534 HG-RT; **ORDER DENYING PETITIONER DAVID BORGES'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF NOS. 130 and 303) AND DENYING A CERTIFICATE OF APPEALABILITY**